UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH GOOBECK and JAMES R. HARP,<br><br>           Plaintiff(s),<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>           Defendant(s). | 2:12-CV-2213 JCM (NJK) |

**ORDER**

Presently before the court is defendants', U.S. Bank National Association and JP Morgan Mortgage Trust 2007-S2, motion to dismiss. (Doc. # 15). The remaining defendants, Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc., filed a joinder the motion to dismiss. (Doc. # 22). Pro se plaintiffs Elizabeth Goobeck and James Harp filed a response in opposition. (Doc. # 27). Defendants filed replies and a joinder to the replies. (Docs. ## 28-31).

**I.     Background**

This is another mortgage and foreclosure related lawsuit. On or about February 15, 2007, plaintiffs purchased real property located at 5832 Altissimo Street in North Las Vegas, Nevada.[1] To finance the purchase, plaintiffs obtained two loans from CTX Mortgage Company LLC

---

[1] The court judicially recognizes the grant, bargain and sale deed, the junior and senior deeds of trust, assignments of the deed of trust, notice of default and election to sell, the foreclosure mediation certificate, and a notice of trustee's sale.. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

("CTX")–one in the amount of $266,556, and one in the amount of $66,637.

The senior deed of trust lists Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary and nominee of the lender. Further, the senior deed of trust expressly permits MERS the right "to exercise any or all [ ] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

Almost six years after purchasing the loan, plaintiffs filed the instant lawsuit against Wells Fargo, U.S. Bank, MERS, and JP Morgan Trust 2007-S2 (the "trust"). Plaintiffs have alleged three causes of action against all defendants: (1) quiet title; (2) declaratory relief; and, (3) fraud. Further, defendants have provided evidence that this complaint is a variation of a form complaint circulating across the nation (primarily in Florida).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's

James C. Mahan
U.S. District Judge

- 2 -

1  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
2  liable for the alleged misconduct. *Id*. at 1949.

3  Where the complaint does not "permit the court to infer more than the mere possibility of
4  misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
5  *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not
6  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
7  U.S. at 570.

8  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
9  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
10  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
11  but must contain sufficient allegations of underlying facts to give fair notice and to enable the
12  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
13  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
14  be subjected to the expense of discovery and continued litigation." *Id.*

15  **III.   Discussion**

16  As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc.
17  # 1, ex. A). Documents filed *pro se* are held to less stringent standards. *Erickson v. Pardus*, 551
18  U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,
19  however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted
20  by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary
21  civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v.*
22  *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

23  Additionally, plaintiffs' opposition to the motion to dismiss is not responsive to the
24  arguments made by defendants in their motions to dismiss. The response to the motion to dismiss
25  also appears to be a variation of a form response. The plaintiffs do not respond at all to defendants'
26  arguments regarding the cause of action for fraud.

27  Finally, before moving to a discussion on the merits, the court finds it necessary to address

28

**James C. Mahan**
**U.S. District Judge**

plaintiffs' assertions regarding MERS and securitization. Plaintiffs allege that MERS has no authority or standing to enforce any part of the deed of trust, such as assigning the deed of trust. However, Nevada courts, as well as courts across the country, have repeatedly confirmed that MERS has authority to assign a deed of trust. *See e.g., Jacobsen v. HSBC Bank USA, N.A.*, 3:12-cv-486-MMD-WGC, 2012 WL 6005756, at *5 (D. Nev. Nov. 30, 2012) ("As nominee, MERS was provided the authority to act on behalf of the holder of the note when executing the assignments."). The court rejects this argument.

The court turns to plaintiffs' contentions that the securitization was improper. "Since the securitization merely creates a separate contract, district from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail." *Reyes v. GMAC Mortg. LLC*, no. 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011); *Baldoza v. Bank of America, N.A.*, no. C-12-05966-JCS, 2013 WL 978268, at *10 (N.D. Cal. March 12, 2013) ("The majority position is that plaintiffs lack standing to challenge noncompliance with a [pooling service agreement] in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."). The securitization argument has been repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing to enforce the deed of trust. The plaintiffs' securitization challenge fails to state a claim and is dismissed.

### A.   Quiet Title

Plaintiffs also assert a claim of quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of America, N.A.*, 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Id.* In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Id.* (citing *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)).

. . .

James C. Mahan
U.S. District Judge

- 4 -

1    First, plaintiffs have not alleged that they have free and clear title to the property.  Second, plaintiffs have not alleged any adverse interest they are seeking to quiet.  A lien against plaintiffs' property, held as security by defendants or anyone else, is not an interest adverse to plaintiffs' own. Both interests may exist in harmony, for one is a present interest and one is a future interest.  For plaintiffs to quiet title, the plaintiffs must show both that they hold good title to the property in question and that defendant is making a claim adverse to his interest.  Plaintiffs fail to plead either; therefore, they are not entitled to such relief.  The cause of action is dismissed against all defendants.

B.   Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009).

"In Nevada, to establish fraud a Plaintiff must establish the following elements: (1) the defendant made a false representation; (2) with knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) Plaintiff justifiably relief upon the misrepresentation; and (5) Plaintiff suffered damage as a result of the reliance."  *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1168-69 (D. Nev. 2005).

After reviewing the complaint, the court finds that it states no specific facts against any of the defendants.  The complaint does not allege the who, what, when, where, and how.  Plaintiffs fraud arguments all focus on the securitization, which is irrelevant for plaintiffs.  Moreover, plaintiffs cannot establish that they were damaged by any alleged payments they made on their loans. Plaintiffs do not allege that they paid more than they were obligated to pay under the loan agreements they signed, or that more than one creditor is seeking payment thereunder.  Rather, plaintiffs complain that they are being asked to make payments at all.  The cause of action is dismissed against

James C. Mahan
U.S. District Judge

- 5 -

all defendants.

  C.  *Declaratory Relief*

The court must dismiss plaintiffs' cause of action for declaratory relief because it is completely a derivative of their two substantive causes of action, which the court has already dismissed.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss (doc. # 15) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendants' joinder (doc. # 22) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment and close the case.

DATED August 7, 2013.

               */s/ James C. Mahan*
               **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -